FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

97 MAY 29 PM 3: 38
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JAMES E. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 96-PT-2217-E |
| ) | |
| SEARS, ROEBUCK & COMPANY, ) | |
| ) | |
| Defendant. ) | |

ENTERED

MAY 2 9 1997

## Memorandum Opinion

This cause comes on to be heard on a motion for summary judgment filed by the defendant Sears, Roebuck and Company ("Sears") on March 6, 1997. In the motion, the defendant disputes the claims of the plaintiff, James E. Walker ("Walker") that he was discriminated against on the basis of race in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e, et. seq., and that he was defamed in violation of Alabama law.

On a motion for summary judgment, the court must assess the proof to ascertain whether there is a genuine need for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is appropriate only if this court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A party seeking summary judgment bears the initial responsibility of informing this court of the grounds for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it

believes prove the absence of a genuine issue of material fact. Id. at 323. Once the moving party has met this burden, the nonmoving party "must produce evidence that shows there exists a genuine issue of material fact." Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the depositions, answers to interrogatories, and admissions on file designate specific facts showing the presence of a genuine issue for trial. Celotex, 477 U.S. at 324. The court may consider the offered "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . " in deciding whether to grant or deny a summary judgment motion. FED. R. CIV. P. 56(c). In resolving whether a given factual dispute requires submission to a jury, the court must view the presented evidence through the prism of the substantive evidentiary burden. Anderson, 477 U.S. at 254-55. The court, however, must avoid weighing conflicting evidence for probity or making credibility determinations. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992). Considering the above, this court must examine the evidence to determine the existence of genuine issues of material fact as to the various issues.

## Facts

All "facts" are stated most favorably to the plaintiff. They may or may not be the actual facts.

The plaintiff was an sales associate of Sears in the Brand Central Department at the time of his termination on November 19, 1995. Following the complaint of one of the plaintiff's co-workers, Dot Plant, to the plaintiff's supervisor, Tommy Sharp ("Sharp"), that the plaintiff had made an improper markdown on the sale price of a refrigerator, Sharp began an investigation into allegations of improper markdowns by the plaintiff. In total he found seven improper markdowns. The plaintiff justifies each allegedly improper markdown as in line with company policy, stating a reason for each. The defendant responds that the plaintiff was not authorized to reduce the price of the goods for the reasons given. The plaintiff does not dispute this.

The plaintiff was summoned to the office of Store General Manager Frank Blankenship ("Blankenship") for a meeting, at which the plaintiff, Sharp, Blankenship and Loss Prevention Manager Diana Summers ("Summers") were present. During the meeting, Blankenship accused the plaintiff of being a thief and a liar and then terminated the plaintiff.

The plaintiff points to an instance in which a white employee who had performed acts allegedly more egregious than those of the plaintiff was permitted to resign rather than be terminated and an instance in which a white employee, Joyce Pollard ("Pollard"), who had engaged in allegedly comparable actions was not reported to Blankenship by Mr. Sharp and who was therefore unpunished. The plaintiff points to no direct evidence demonstrating a race-discriminatory animus by either Sharp or Blankenship.

## Contentions and Analysis

The defendant first contends that the plaintiff cannot state a prima facie case of race discrimination because he has not offered any evidence of white employees who engaged in conduct similar to that of the plaintiff and who were retained. The plaintiff responds that Sharp did not report an employee, Pollard, who had engaged in essentially the same behavior as the plaintiff, to Blankenship. The defendant responds that because Blankenship is the person who terminated the plaintiff, he, not Sharp, is the individual who was required to have allowed a white employee to be retained in spite of comparable conduct for the act to be attributable to Sears.

The defendant states as a legitimate, non-discriminatory reason for the plaintiff's termination that he was giving markdowns without authorization. The plaintiff responds that the reason given by the defendant was pretextual because Pollard was retained while the plaintiff was dismissed for substantially the same conduct. Thus, the plaintiff's conduct, he argues, was not sufficient to warrant discharge. The defendant replies that because Pollard's conduct was never reported to Blankenship, that she was not terminated cannot impugn Blankenship's reasons for terminating the plaintiff. According to the defendant, if the individual terminating the employee does so consistently based upon a perceived reason, then the termination reason can not be shown as a pretext for discrimination by that individual, even if other employees were treated differently by other decisionmakers.

In Combs v. Plantation Patterns, 106 F.3d 1519, 1529 (11th Cir. 1997), the Eleventh Circuit Court of Appeals stated:

> [W]e understand the Hicks [v. St. Mary's Honor Center] Court to have been unanimous that disbelief of the defendant's proffered reasons, together with the prima facie case, is sufficient circumstantial evidence to support a finding of discrimination. Therefore, it follows from Hicks that a plaintiff is entitled to survive summary judgment, and judgment

> as a matter of law, if there is sufficient evidence to demonstrate the existence of a genuine issue of fact as to the truth of each of the employer's proffered reasons for its challenged action.

However, the plaintiff can only survive summary judgment if he demonstrates that the employer's reasons for his termination are pretextual. On this point, the Eleventh Circuit Court of Appeals has said:

> In the discrimination context, we have stated that "[it] bears repeating that a mere scintilla of evidence does not create a jury question." Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir.1989) (holding, in ADEA case, that defendant was due judgment as matter of law where plaintiff failed to cast sufficient doubt on defendant's proffered non-discriminatory rationale). And, in considering whether a plaintiff has presented a jury question on pretext, we have required that the plaintiff point to facts which, if true, would present a basis for the disbelief of the defendant's overall justification. That the plaintiff calls into question some assertions made by the defendant in support of defendant's justification is not enough. The plaintiff must call into question the veracity of the defendant's ultimate justification itself.

Isenbergh v. Knight-Ridder Newspaper Sales, 97 F.3d 436, 444 (11th Cir. 1996). In this case, the plaintiff has done little to demonstrate that Blankenship's motivations for terminating him are pretextual. That Blankenship offered an earlier employee who had performed allegedly more egregious acts a choice between termination and resignation is of no consequence. In both cases the individual's employment with Sears was ended involuntarily. In addition, there is no evidence that the decisionmaker in the plaintiff's termination, Blankenship, had varied from his policy of terminating all employees that he knew had improperly offered discounts in favor of white employees.

The court rejects defendant's argument that only Blankenship can be considered a decisionmaker. In deciding who and who not to report, Sharp is a decisionmaker. The court has fully considered, however, the purported comparators whom plaintiff alleges that Sharp failed to report. The court concludes that the alleged conduct of Joyce Pollard and Dot Plant is not similar. It is certainly not "nearly" identical. See Nix v. WLYC Radio/Rahall Comm., 738 F.2d 1181, 1185 (11th Cir. 1984) and Davin v. Delta Airlines, Inc., 678 F.2d 567, 570 (5th Cir, Unit B 1982). Also see, Powell v. Postmaster General, 01911979, 3172/A2 (EEOC 1991) and Gacutan v. Sec. Of Army, 01911096, 3039/F3 (EEOC 1991). See also, Payne v. Illinois Central R.R., 665 F. Supp. 1308 (W.D. Tenn. 1987).

The court need not go into much detail with the plaintiff's claims of slander. In order for an action for slander to lie, the defamatory statement must be published to a third-party. Walton v. Bromberg & Co., 514 So.2d 1010, 1011-12 (Ala. 1987). In the corporate context, statements made

by a manager about an employee in the presence of other managers or employees of the corporation do not amount to publication unless the statements are made outside of the course of the business of the employees to who the statements were uttered. Id. at 1012. Blankenship's comments were made in the course of the plaintiff's termination meeting in the presence of Sharp and Summers. However both were involved in the termination process to provide information to Blankenship. Therefore, statements made in their presence cannot count as publication.

According to the plaintiff, Blankenship also reported to two other employees that the plaintiff was terminated because he had allegedly made unauthorized markdowns. Another essential element of slander is that the defamatory statements be false. Reynolds Metal Co. V. Mays, 547 So.2d 518, 522 (Ala. 1989). There is no charge of untruth to Blankenship's statements that he dismissed the plaintiff for unauthorized markdowns. The slander claim will therefore be dismissed.

## Conclusion

For the foregoing reasons, the defendant's motion will be **GRANTED**.

This 29 day of May 1997.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE